UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE No. 08-20188-CIV-GOLD/McALILEY

GEOVANNI MANUEL HERRERA DEL ORBE,

      Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD.,

      Defendant.

_____/

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND; GRANTING
DEFENDANT'S MOTION TO COMPEL ARBITRATION; CLOSING CASE

THIS CAUSE is before the Court on: (1) Defendant's Motion to Compel Arbitration [DE 3]; and, (2) Plaintiff's Response to the Motion to Compel Arbitration and Motion for Remand to State Court [DE 5]. Subject matter jurisdiction in this case is dependent on the enforceability of the Arbitration Clause of the Collective Bargaining Agreement. If the clause is valid, then the Court has subject matter jurisdiction pursuant to the United States Conventions on Recognition and Enforcement of Foreign Arbitral Awards (New York, June 10, 1958) ("Convention Act") and its enabling legislation, 9 U.S.C. § 201, *et seq.* On the other hand, if the Arbitration Clause is null and void, as Plaintiff contends, then the Court does not have subject matter jurisdiction and the case must be remanded. Because the motions are inextricably intertwined, I will address both motions as one. Having review the Motions and related pleadings, the record and applicable law, I conclude that Plaintiff's claims are subject to mandatory arbitration per the Sign On Employment Agreement ("SOEA"), which incorporates by reference the Collective Bargaining Agreement ("CBA"),

1

and therefore grant Defendant's Motion to Compel Arbitration, and deny Plaintiff's Motion for Remand.

I.  Background

This action arises out of a back injury Plaintiff Geovanni Manuel Herrera Del Orbe ("Del Orbe" or "Plaintiff") allegedly sustained on April 14, 2007 while employed by Defendant Royal Caribbean Cruises Ltd. ("Royal Caribbean" or "Defendant") as a crew member aboard the M/V Adventure of the Seas.

On March 25, 2007, Plaintiff entered into an individual contract of employment with Royal Caribbean. (See SOEA, Motion to Compel Arbitration, DE 3 at Ex. C). The SOEA incorporated by reference the CBA between Royal Caribbean and the Norwegian Seafarers Union, which contains an arbitration clause. (See CBA, Article 26, DE 3 at Ex. D). The SEOA provides:

> I [Plaintiff] understand and agree that the Collective Bargaining Agreement between the Company [Defendant] and the Union is incorporated into and made part of this Employment Agreement and that I and the Company are bound by its terms and conditions.

(SEOA, DE 3 at Ex. C). In turn, Article 26 of the CBA, entitled "Grievance and Dispute Resolution Procedure," states, in relevant part:

> **If the Seafarer is dissatisfied with the decision** of the Master of if the Seafarer is not on board the vessel, then within ninety (90) days, the Seafarer shall deliver written notice of the grievance's details and of his or her dissatisfaction with the Master's decision to the representatives of the Union in Oslo, Norway and to the Owners/Company at Miami, Florida. Within thirty (30) days of receipt of the written notice of the Seafarer's dissatisfaction, the representatives of the Union and the Owners/Company shall confer to resolve the dispute.
>
> If not resolved by the Union, the Owners/Company, and/or the Seafarer, all grievances and any other dispute whatsoever whether in contract, regulatory, tort or otherwise, including constitutional, **statutory**, common law, admiralty,

> intentional tort and equitable claims, relating to or in any way connected with the seafarer's service for the Owners/Company, Master, Employer, Ship Owner, vessel or vessel operator, shall be **referred to and resolved exclusively** by binding arbitration pursuant to the **United Nations Conventions on Recognition and Enforcement of Foreign Arbitral Awards** (New York 1958), 21 U.S.T. 2517, 330 U.N.T.S. ... The Union shall appoint one arbitrator, the Owners/Company shall appoint one arbitrator and a third arbitrator shall [sic] to be jointly appointed by the Union and the Owners/Company. However, the Owners/Company and the Union, in their discretion, may jointly select a single arbitrator... The arbitration referred to in this Article is exclusive and mandatory. Claims and lawsuits may not be brought by any Seafarer or party hereto, except to enforce arbitration or a decision of the arbitrator.
>
> The Owners/Company shall each bear the costs related to the arbitration process from beginning to end including, but not limited to, fees charged and expenses incurred by arbitrators, and any costs related to proceedings brought by the Union necessary to enforce a decision. The Union and the Owners/Company shall bear the costs of their own attorney fees and legal representation. If the Seafarer rejects the representation appointed by the Union, then he or she will cover the cost of his or her legal representation, if any.

(CBA, Article 26, DE 3 at Ex. D) (emphasis added).

According to Del Orber, a seafarer is a member of the Union while his employment contract is in effect. Once the agreement is ended, so is his union membership. Plaintiff does not pay membership dues to the Union; rather, Defendant pays dues directly based on the number of seafarers on its vessel. Under the terms of the SOEA and CBA, Del Orbe has no input in the selection of the arbitrators.

On December 12, 2007, Plaintiff filed a three count complaint against Defendant in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, alleging Jones Act Negligence, Unseaworthiness, and Failure to Provide Entire Maintenance and Cure, Case No. 07-44494-CA-27. Defendant removed the case to this Court based upon the United States Conventions on Recognition and Enforcement of

Foreign Arbitral Awards (New York, June 10, 1958) ("Convention Act") and its enabling legislation, 9 U.S.C. § 201, *et seq.* [DE 1]. Specifically, Defendant removed the action pursuant to section 205 of the Convention Act, which allows for removal at any time before trial where an action pending in state court relates to an arbitration agreement or award falling under the Convention. *See* 9 U.S.C. § 205. Thereafter, on January 25, 2008, Defendant filed its Motion to Compel Arbitration [DE 3]. Plaintiff responded by filing a combined Motion for Remand and Response to Royal Caribbean's Motion to Compel Arbitration [DE 5]. In the Motion and Response, Plaintiff argues that he cannot be compelled to arbitrate his federal statutory claim because the arbitration clause is null and void.

II.  Analysis

Federal law strongly favors agreements to arbitrate, particularly in international commercial transactions. *See Scherk v. Alberto-Culver Co.,* 417 U.S. 506 (1974). In deciding a motion to compel arbitration under the Convention Act, a court conducts a very limited inquiry. *Bautista v. Star Cruises*, 396 F.3d 1289, 1294 (11th Cir. 2005). The removing party has the initial burden of proving the four jurisdictional requirements: (1) there is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states. *Id.* at 1295, n. 4. If the four jurisdictional requirements are satisfied, the court must compel arbitration unless the plaintiff shows that one of the Convention's affirmative

defenses applies. *Id.* at 1294-95. That is, arbitration is mandatory unless the plaintiff proves that the agreement is "null and void, inoperative or incapable of being enforced." *Vacaru v. Royal Caribbean Cruises, Ltd.,* Case No. 07-23040, 2008 U.S. Dist. LEXIS 23012, * 10, n.3 (S.D. Fla. Feb. 1, 2008) (Ungaro, J.) (quoting the Convention Act, art. II (3), available at http://www.uncitral.org/uncitral/en/uncitral_texts/arbitration/NYConvention.html). The null and void clause of the Convention Act is limited in scope, and "encompass[es] only those situations-such as fraud, mistake, duress, and waiver-that can be applied neutrally on an international scale." *See Bautista*, 396 F.3d at 1302 (quoting *DiMercurio v. Sphere Drake Ins. PLC*, 202 F.3d 71, 80 (1st Cir.2000)).

In this case, Plaintiff concedes that Defendant has established the four jurisdictional requirements. (*See* Motion for Remand, DE 5 at p. 3). However, Plaintiff argues that the Motion to Compel Arbitration shall be denied and the case should be remanded because the arbitration clause is null and void in that: (1) the Union, not Plaintiff, agreed to the mandatory arbitration clause contained in the CBA; (2) he is no longer a member of the Union; and, most importantly, (3) he has not input in the selection of the arbitrator. According to Plaintiff, the Union has an interest in allowing Royal Caribbean to select any arbitrator regardless of the arbitrator's bias since the Union must continue to negotiate with Defendant on behalf of other seafarers. Since Plaintiff is no longer a Union member, there is a no incentive for either Royal Caribbean or the Union to select a neutral arbitrator. Plaintiff argues that these facts makes the agreement to arbitrate null and void.[1]

---

[1] This precise argument was made in *Vacaru v. Royal Caribbean Cruises, Ltd.*, Case No.

5

Plaintiff does not claim fraud, mistake, duress or waiver. Instead, Plaintiff's argument relies on the Eleventh Circuit's decision in *Bristine v. Stone & Webster Engineering Corporation*, 117 F.3d 519 (11th Cir. 1997), in which the Eleventh Circuit considered the intersection of federal statutory rights and arbitration clauses in collective bargaining agreements in light of the two Supreme Court decisions on the issue: *Alexander v. Gardener-Denver Co.*, 415 U.S. 36 (1974) and *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991). In *Alexander*, the Supreme Court unanimously held that a mandatory grievance agreement and arbitration clause imposed by a collective bargaining agreement, and the result of the arbitration process, did not preclude plaintiff from filing a civil claim under Title VII. *Brisentine*, 117 F.3d at 522. The Supreme Court explained that "the federal policy favoring arbitration of labor disputes and the federal policy against discriminatory employment practices can best be accommodated by permitting an employee to pursue fully both his remedy under the grievance-arbitration clause of a collective-bargaining agreement and his cause of action under Title VII." *Id.* (quoting *Alexander*, 415 U.S. at 59-60). Later cases indicate that the reasoning of *Alexander* applies to claims brought under federal statutes that protect individual rights, not just Title VII. *Id.*

Seventeen years later, in *Gilmer*, the Supreme Court affirmed the circuit court's decision granting an employer's motion to compel arbitration of a plaintiff's statutory claim.

---

07-23040, 2008 U.S. Dist. LEXIS 23012, * 10, n.3 (S.D. Fla. Feb. 1, 2008), which involved the same CBA at issue in this case and an individual SOEA containing the same language as Plaintiff's SOEA. As will be discussed below, the Honorable Ursula Ungaro rejected the argument and held that the agreement to arbitrate was enforceable.

*Id.* at 523. *Gilmer* involved an employer who, as a condition of employer, had personally agreed to arbitration as his exclusive remedy for any controversy arising out of his employment or termination thereof. *Gilmer,* 500 U.S. at 23. Despite the arbitration agreement, the plaintiff filed a lawsuit alleging violation of the Age Discrimination in Employment Act ("ADEA"). *Id.* at 24. In holding that arbitration should have been compelled, the Supreme Court stated that "it is by now clear that statutory claims may be the subject of an arbitration agreement, enforceable pursuant to the [Federal Arbitration Act]." *Gilmer,* 500 U.S. at 26. The Supreme Court further held that since the plaintiff had made the bargain to arbitrate, he had the burden of showing "that Congress had intended to preclude a waiver of a judicial forum for ADEA claims." *Id.*

In *Brisentine*, the Eleventh Circuit rejected the defendant's argument that *Gilmer* stood for the proposition that any agreement, including a collective bargaining agreement, that makes arbitration the exclusive remedy for a violation of a federal statutory right is enforceable unless the plaintiff can show that Congress intended to preclude a waiver of a judicial forum in favor of arbitration. *Brisentine*, 117 F.3d at 523. To accept defendant's argument, the Eleventh Circuit explained, would be to conclude that *Gilmer* overruled *Alexander*. However, "the Supreme Court did not say in *Gilmer* that it was overruling *Alexander*, nor did the Court even imply that." *Id.* The Eleventh Circuit stated that the outcome of the case depended on whether the case fell within the ambit *of Alexander* or *Gilmer. Id.* at 526-27.

In determining whether a plaintiff's claim is barred by a mandatory arbitration clause contained in a collective bargaining agreement, a court must review the three

7

distinctions between *Gilmer* and *Alexander* and determine which one applies. *Id.* First, the arbitration clause at issue in *Alexander* involved an agreement to arbitrate contractual claims, and did not extend to statutory claims. *Id.* at 523. Second, *Gilmer* involved an individual contractual agreement to submit a claim to arbitration, while a collective bargaining agreement not to do so was not enforced in *Alexandar*. *Id.* at 525. Third, the claim in *Gilmer* arose under the Federal Arbitration Act ("FAA"), while the claim in *Alexander* did not; and the "FAA reflects a liberal federal policy favoring arbitration agreement." *Id.*

> The *Brisentine* Court ultimately held that:
>
> a mandatory arbitration clause does not bar litigation of a federal statutory claim, unless three requirements are met. First, the employee must have agreed individually to the contract containing the arbitration clause--the union having agreed for the employee during collective bargaining does not count. Second, the agreement must authorize the arbitrator to resolve federal statutory claims--it is not enough that the arbitrator can resolve contract claims, even if factual issues arising from those claims overlap with the statutory claim issues. Third, the agreement must give the employee the right to insist on arbitration if the federal statutory claim is not resolved to his satisfaction in any grievance process.

*Id.* at 526-27.

As briefly noted above, Judge Ungaro's recent opinion in *Vacaru v. Royal Caribbean Cruises, Ltd.*, Case No. 07-23040, 2008 U.S. Dist. LEXIS 23012, * 10, n.3 (S.D. Fla. Feb. 1, 2008) is of particular interest to this case. In interpreting a SOEA with identical language to Plaintiff's, which incorporated the same collective bargaining agreement at issue in this case, and upon consideration of the *Brisentine* factors, Judge Ungaro denied the plaintiff's motion for remand and directed the parties to resolve their dispute through arbitration as per the plaintiff's employment contract. *Id.* at * 24. Del

Orbe acknowledges that Judge Ungaro rejected the precise argument that is being made in this case. (*See* Plaintiff's Motion for Remand, DE 5 at p. 11). However, Plaintiff urges me to decline to follow Judge Ungaro's reasoning as he feels that appropriate significance was not given to the fact that pursuant to the CBA, the company and union select arbitrators without any input by the Plaintiff. Contrary to Plaintiff's arguments, however, I agree with Judge Ungaro's reasoning that this case falls on the *Gilmer* side of the line, and that the three requirements necessary to enforce a mandatory arbitration clause barring litigation of a federal statutory claim have been satisfied. *See Vacuro*, 2008 U.S. Dist. LEXIS 23012, at *19.

First, while it is true that the arbitration clause is contained in a collective bargaining agreement, the CBA is expressly incorporated by reference into the individual employment agreement executed by the parties. Therefore, Plaintiff individually agreed to the contract containing the arbitration clause. *Cf. Brisentine*, 117 F.3d at 526-27; *see also Lobo v. Celebrity Cruises, Inc.*, 488 F.3d 891, 896 (11th Cir. Fla. 2007) (affirming district court's ruling that a written agreement to arbitrate exists within the Convention Act where the arbitration clause was contained in a collective bargaining agreement which was incorporated by reference into an individual employment contract.). Second, Article 26 of the CBA expressly extends the agreement to arbitrate to any dispute "whether in contract, regulatory, tort or otherwise, including constitutional, **statutory**, common law, admiralty, intentional tort and equitable claims...." (CBA, Article 26, DE 3 at Ex. D) (emphasis added). Third, the arbitration agreement gives Del Orbe the right to insist on arbitration if the federal statutory claim is not resolved to his satisfaction in the grievance

9

process. Specifically, Article 26(c) and (d) of the CBA provides if a Seafarer is not satisfied with the Master's decision, then the Seafarer shall notify the Union of his dissatisfaction and the Union and Owners/Company shall confer to resolve the dispute . "If not resolved by the Union, the Owners/Company, and/or the Seafarer, all grievances and any other disputes whatsoever .... shall be referred to ... binding arbitration." (CBA, Article 26, DE 3 at Ex. D). In addition to the requirements necessary to enforce a mandatory arbitration clause barring litigation of a federal statutory claim as developed in *Brisentine,* this case arises under the Convention Act which, like the FAA, "reflects a liberal policy favoring arbitration agreements." See *Bautista*, 396 F.3d at 1299 ("The goal of the Convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements in the international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries.") (quoting *Scherk*, 417 U.S. at 520, n. 15).

As discussed above, the parties concede that the four jurisdictional prerequisites for removal under the Convention have been established. Further, I have concluded that *Brisentine* requirements are satisfied, that the agreement is not null and void, and have found no reason to reject Judge Ungaro's reasoning in *Vacaru*. Therefore, I must compel arbitration and deny Plaintiff's motion for remand.

III. Conclusion

For the reasons discussed above, it is hereby ORDERED AND ADJUDGED:

1. Defendant's Motion to Compel Arbitration [DE 3] is GRANTED.
2. Plaintiff's Motion for Remand [DE 5] is DENIED.

3. All other pending motions are DENIED AS MOOT.

4. All hearings, including oral argument on the subject motions, previously scheduled for May 2, 2008 at 1:30 p.m., are CANCELLED.

5. The Clerk of Court is instructed to CLOSE this case.

DONE AND ORDERED in Chambers at Miami, Florida this 28 day of April, 2008.

                                                                      THE HONORABLE ALAN S. GOLD
                                                                      UNITED STATES DISTRICT JUDGE

cc:
U.S. Magistrate Judge Chris M. McAliley
All Counsel of Record